IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ALIYAH ANDERSON,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | No. 16-1099V<br>Special Master Sanders<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Aliyah Anderson ("petitioner")[1] filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury allegedly related to petitioner's receipt of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. On September 17, 2013, petitioner received Tdap and Hepatitis A vaccines in her left deltoid, and meningococcal conjugate and Varicella vaccines in her right deltoid.

3. The vaccines were administered in the United States.

4. Petitioner alleges that as a result of receiving the Tdap vaccine, she suffered nerve damage to the ulnar nerve in her left arm, and experienced the residual effects of this injury for more than six months.

---

[1] The petition was originally filed by Aliyah's mother, Shanda Anderson, and was amended when petitioner reached the age of majority. *See* Second Amended Petition (filed October 2, 2019).

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her alleged condition.

6. Respondent denies that petitioner suffered nerve damage to the ulnar nerve in her left arm, and denies that any vaccine caused petitioner's alleged ulnar nerve injury or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

- A lump sum of $15,000.00 in the form of a check payable to petitioner; and

- A lump sum payment of $650.74, representing compensation for satisfaction of the State of Arkansas Medicaid lien, payable jointly to petitioner, and

> Arkansas Department of Human Services
> Division of Medical Services
> P.O. Box 1437, Slot S-532
> Little Rock, AR 72203-1437

Petitioner agrees to endorse this payment to the State of Arkansas. This lump sum represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arkansas had made to or on behalf of Aliyah Anderson from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about September 17, 2013, under Title XIX of the Social Security Act.

The above lump sum amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services

from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from the vaccines administered on September 17, 2013, as alleged in a Petition filed on September 2, 2016, in the United States Court of Federal Claims as petition No. 16-1099V, and the subsequent Amended Petitions filed on August 29, 2018, and October 2, 2019.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that any vaccines caused petitioner's alleged ulnar nerve injury, or any other injury.

17. All rights and obligations of petitioner shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*[signature]*

ALIYAH ANDERSON

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

RICHARD GAGE
Richard Gage, P.C.
1815 Pebrican Avenue
Cheyenne, WY 82003-1223
(307) 433-8864

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*

TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*

JULIA M. COLLISON
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0102

Dated: 1/23/20